IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JOSHUA JAMES HILL,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CACHE COUNTY UTAH DISTRICT COURT et al.,<br><br>　　　　　　Defendants. | **REPORT AND RECOMMENDATION DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br><br>Case No. 1:24-cv-00144-HCN-CMR--<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff Joshua James Hill (Plaintiff) filed his Motion (Motion) (ECF 2) for Leave to Proceed In Forma Pauperis (IFP) on September 11, 2024. In the Motion, Plaintiff asserts that he is without sufficient funds to pay the filing fee and asks the court to waive it. The undersigned submits the following Report and Recommendation and recommends that Plaintiff's Motion be denied. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005) (explaining a report and recommendation must be submitted to address this issue).

**REPORT**

Under 28 U.S.C. § 1915, a federal court may authorize the commencement of a civil action without payment of the fees for a person who lacks the financial means to pay those fees. 28 U.S.C. § 1915(a)(1). "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister*, 408 F.3d at 1312. Pursuant to DUCivR 3-2(a)(1), a party must complete and file a Motion to Proceed In Forma Pauperis to show a financial inability to pay the required fees. *See also Lister*, 408 F.3d at 1312. Proceeding IFP in a civil case "is a privilege, not a right." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (quoting *Rivera v. Allin*, 144 F.3d 719, 724 (11th

Cir.1998)). The decision to grant or deny IFP status under § 1915 lies within the "sound discretion" of the trial court. *Cabrera v. Horgas*, 173 F.3d 863, 1999 WL 241783 at *1 (10th Cir. Apr. 23, 1999) (unpublished table decision).

Based upon the information contained in the Motion, Plaintiff has not demonstrated a credible financial inability to pay the required filing fee. Plaintiff reports $1,200 of gross monthly income, which he described as "gifts," and his monthly expenses as $1,200 (ECF 2 at 2, 5–6). Plaintiff also indicated that he expects major changes to his monthly income, expenses, assets, or liabilities during the next twelve (12) months, but Plaintiff failed to provide any description of those changes (*id.* at 6). As a result, in order to obtain further clarification, the court entered a docket text order on September 12, 2024, requiring Plaintiff to supplement his Motion with additional information regarding the source of his income, expected changes to his monthly income, employment history, and his assets (ECF 3). Plaintiff had until September 20, 2024, to provide the required supplementation (*id.*). As of this date, however, no supplement has been filed.

Accordingly, because Plaintiff failed to provide sufficient information to ascertain his financial status, the court concludes that Plaintiff is not entitled to proceed without prepayment of fees and recommends that the Motion be denied. *See, e.g.*, *Lister*, 408 F.3d at 1312 (denying IFP status for failing to provide the court with requisite financial information to assess plaintiff's ability to pay the filing fee).

## RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Motion be DENIED without prejudice (ECF 2).

IT IS FURTHER RECOMMENDED that Plaintiff prepay the full filing fee of $400 within

30 days for this action to proceed.

IT IS ADDITIONALLY RECOMMENDED that Plaintiff be cautioned that failure to fully pay the filing fee within 30 days after this Report and Recommendation will result in dismissal of this action without prejudice.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 16 October 2024.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah